Robert E. WALCHLI; Rachelle J. Walchli, Plaintiffs—Appellants,

v.

COMMUNITY BANK, an Oregon corporation, et al., Defendants—Appellees.

No. 10–35560.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2011.*

Filed May 13, 2011.

*See* Fed. R.App. P. 34(a)(2).

James David Van Ness, Esquire, Van Ness Mooney, LLC, Salem, OR, for Plaintiffs–Appellants.

Peter S. Hicks, Mathew W. Lauritsen, Lisa M. Umscheid, Ball Janik LLP, Portland, OR, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, TASHIMA and IKUTA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

**MEMORANDUM**\*\*

■ Because the Walchlis didn't appeal the district court's dismissal of their RICO claim based on the Release Agreement, this claim is waived. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n. 6 (9th Cir. 2010) ("[F]ailure of a party in its opening brief to challenge an alternate ground for a district court's ruling given by the district court waives that challenge." (emphasis omitted)). Even if Community Bank's discussion of the Release Agreement in its answering brief could be considered a "waiver of waiver," we wouldn't exercise discretion to review this claim because the Walchlis didn't file a reply brief, and so never objected to the district court's dismissal on this ground. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n. 3 (9th Cir. 2004); *cf. Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir.2000).

■ Moreover, the district court rightly held that the Walchlis' third amended complaint failed to allege a plausible scheme to defraud, which is necessary to establish the predicate acts of racketeering activity alleged in this case. *See* 18 U.S.C. §§ 1341, 1343, 1961(1); *see also Ashcroft v. Iqbal*, 556 U.S. 662, ——– ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009); *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986).

**AFFIRMED.**